857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven M. OLIVER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-2049.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of the district court affirming the Secretary's decision that the plaintiff-appellant is not disabled within the meaning of the Social Security Act. Oral argument having been waived, the appeal was submitted to the court on briefs.
 
 
 2
 The plaintiff suffered an injury to his right wrist in a skiing accident in January 1978. An orthopedic examination revealed a non-union of the bone in his right wrist. The plaintiff then revealed that he had broken the wrist in 1974 and removed the cast himself and never had follow-up treatment. The physician attempted a bone graft, but the procedure was not successful. Following an examination in 1980 which showed a continued non-union, the examining physician expressed the opinion that the plaintiff was employable despite the condition of his wrist. This examination was made at the request of the Michigan Department of Social Services. In a visit to the same doctor on May 12, 1981, the plaintiff raised psychological complaints in addition to complaints of wrist pain. The plaintiff continued to see other doctors, and in December 1982 an arthrodesis was performed. Although progress notes at the VA Hospital indicated that the wrist was healing after the operation, the plaintiff returned in June 1983 complaining of pain and stating that he had broken his wrist again. So far as the record shows no further corrective measures were taken.
 
 
 3
 The plaintiff had his first psychological evaluation in October 1980. The doctor concluded that he has above average intelligence, but needed vocational rehabilitation, including psychotherapy and job placement counseling. In February 1981 vocational rehabilitation referred the plaintiff to a clinical psychologist who noted a past drug dependence and psychological problems related to his service in Vietnam. The plaintiff continued to see the clinical psychologist sporadically during 1982 and 1983 and was examined by a psychiatrist on February 17, 1983, at the request of Disability Determination Service. In relating some of his Vietnam experiences the plaintiff told the doctor that in May 1969 he had been diagnosed a paranoid schizophrenic. The examining doctor questioned whether he actually suffered from paranoid schizophrenia, but felt that he suffered from a passive-aggressive personality disorder. Treatment by other psychologists and psychiatrists continued from 1984 to 1986.
 
 
 4
 This is the plaintiff's fourth application for benefits, the first three having been denied. When this application was denied the plaintiff sought a hearing, which was held before an ALJ on April 8, 1986. After receiving the testimony of the plaintiff and that of a vocational expert and examining the record, the ALJ concluded that the plaintiff suffers from Vietnam War Syndrome, and non-union of the right wrist, both of which are severe impairments, but neither of which meets the listing of impairments in the regulations. Noting that the plaintiff last met the disability insured status requirements of the Act on June 30, 1981, the ALJ concluded that the plaintiff was not disabled prior to that date. However, the ALJ found that as of the time of the hearing the plaintiff was disabled, principally because of his psychological impairment. The plaintiff is now receiving SSI benefits.
 
 
 5
 The ALJ reached his conclusion by following the sequential evaluation process set forth in 20 C.F.R. Sec. 404.1520(a) and found that while the plaintiff cannot perform his past relevant work as a mechanic he retains the residual functional capacity to perform work that does not require long standing, walking or heavy lifting. While recognizing that the plaintiff cannot perform a full range of sedentary work, the ALJ determined that a significant number of jobs do exist in the national economy that the plaintiff could perform. These jobs involve little stress and do not require full strength in the right wrist. In answer to a hypothetical question, the vocational expert described a number of such jobs. The Appeals Council upheld the ALJ's decision.
 
 
 6
 Upon recommendation of the magistrate to whom the case was referred, the district court granted the Secretary's motion for summary judgment.
 
 
 7
 On appeal the plaintiff makes a broad attack on the findings of the ALJ and the recommendation of the magistrate. The most significant of the plaintiff's arguments relates to the determination of the magistrate that neither his psychological condition nor the continuing wrist impairment met the listings for an automatic determination of disability. After careful consideration of the arguments, we conclude that the ALJ did not err in this respect. The plaintiff also contends that there was no evidentiary basis for the ALJ's finding that his testimony concerning pain was not fully credible. However, as the Secretary points out, there were a number of contradictions between the plaintiff's testimony and various statements made at earlier times which are now a part of the record. Under these circumstances we cannot disregard or overrule the ALJ's credibility findings. These relate primarily to the claim of pain emanating from the unhealed wrist fracture. The objective medical evidence, while providing an explanation for a claim of pain, does not support the presence of a condition that is of a severity likely to cause the extreme and disabling pain claimed by the plaintiff. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986).
 
 
 8
 Our role is to determine whether the Secretary's decision is supported by substantial evidence on the record as a whole. The ALJ followed the required sequential evaluation process and found that neither the wrist condition nor the psychological condition met any of the listed impairments that would require a finding of disability "per se." While the ALJ found that Oliver suffers from "Vietnam Syndrome," the Secretary concluded that there was no evidence of a psychological impairment during the period of his insured status. The Secretary also found that the evidence supported a finding that Oliver retained the residual functional capacity to perform a significant number of sedentary jobs that exist in the national economy.
 
 
 9
 On the whole record, the decision is supported by substantial evidence. Accordingly, the judgment of the district court is affirmed.